UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Charles Winston,

        Defendant.

Case No. 18-cr-234 (JNE/HB) (1)

ORDER

      This matter is before the Court on Defendant's pro se motion to reduce his sentence. ECF No. 60. The Court denies the motion for the reasons stated below.

      While serving a 108-month state sentence for a felony drug charge, Defendant pleaded guilty to conspiring to engage in interstate transportation of stolen access devices in violation of 18 U.S.C. § 371. ECF No. 29 at 1-4. This Court sentenced Defendant to 16 months' imprisonment, to be served consecutively to Defendant's unrelated state sentence. ECF No. 53 at 1. This sentence varied below the Sentencing Guidelines range of 30 to 37 months' imprisonment, in recognition of the delay between the commission of the crime and the date on which Defendant would begin serving his federal sentence.

      In November 2020, this Court considered and rejected Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 53. In that motion, Defendant sought release from prison so that he could provide full-time care for his ailing mother. The Court found that Defendant had not shown "extraordinary and compelling" reasons to reduce Defendant's sentence. The Court also determined that

1

reducing Defendant's sentence to time served would be inconsistent with the general sentencing factors at 18 U.S.C. § 3553(a).

Defendant now asks the Court to "reverse" his sentence and impose a sentence of time served, to run concurrently with his state sentence. ECF No. 60. "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)); 18 U.S.C. § 3582(c) (listing exceptions to the general rule of finality).

Defendant has not informed the Court of any factual developments that would change the Court's previous analysis regarding his eligibility for a sentence modification under 18 U.S.C. § 3582(c). Defendant speculates that "the outcome of [his] sentence would've been different" if COVID-19 had been prevalent when he was sentenced in December 2019. ECF No. 60. Defendant does not substantiate this assertion. *Id.* He also notes a number of hardships that he has faced while serving his state sentence, including the passing of his mother and missing his son's high school graduation. *Id.* While the Court is sympathetic to Defendant's hardships, none of these circumstances change the Court's earlier analysis.

The Court observes no other basis for vacating or amending Defendant's sentence.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion to Reduce Sentence [ECF No. 60] is DENIED.

Dated:  October 15, 2021

                                                  s/   Joan N. Ericksen

                                                  JOAN N. ERICKSEN
                                                  United States District Judge